Weldon, J.,
delivered the opinion of the court:
This is a proceeding to recover an alleged balance due the claimant as register of the land office at Grand Island, Nebr., accruing between the 24th of April, 1890, and the 30th of June, 1891. It is.alleged that the whole of the earnings to which the claimant was entitled between said dates amounts to the sum of $3,203.05, and that he has only been paid the sum of $2,913.84, leaving a balance due’ him of $289.21, and for that amount he demands a judgment. The difference between what is claimed to be due the petitioner and the amount paid to him originates from the mode adopted by the accounting officers in determining the compensation to which he was entitled.
If the compensation is to be on the basis of a calendar year, as contended by the claimant, he is entitled to the amount for which he brings suit; but if upon the theory of law that his compensation is to be on the basis of each quarter in the fiscal year, as contended by the defendants, he is not entitled to recover and the petition should be dismissed.
The earnings of the claimant as register from April 24,1890, to June 30, 1890, as shown by the facts, amounted to the sum of $849.64, and he was paid from the appropriation for salaries and commissions of registers and receivers for the fiscal year ending June 30,1890, the sum of $560.44, which was the pro rata for the period of his service during said fiscal year of the maximum compensation to which he was entitled.
The earnings of the claimant as register for his first year of service, commencing April 24,1890, and closing on the 24th of April, 1891, were $2,868.32, of which amount the claimant was paid all but $289.21.
The accounts of the claimant as register were computed and settled in the Treasury Department according to the fiscal year.
*383 The statutes specifically applicable to the issue involved in the controversy are as follows:
Section 2237, Eevised Statutes:
“Every register and receiver shall be allowed an annual salary of five hundred dollars.”
Section 2240, Eevised Statutes:
“The compensation of registers and receivers, including salary, fees, and commissions, shall in no case exceed in the aggregate three thousand dolíais a year each; and no register or receiver shall receive for any one quarter or fractional quarter more than a pro rata allowance of such maximum.”
Section 2241, Eevised Statutes:
“Whenever the amount of compensation received at any land office exceeds the maximum allowed,by law to any register or receiver the excess shall be paid into the Treasury as other public moneys.”
Section 2243, Eevised Statutes:
“ The compensation of registers and receivers, both for salary and commissions, shall commence and be calculated from the time they respectively enter on the discharge of their duties.”
Again: Section 456, Eevised Statutes (first edition), was:
“All returns relative to the public lands shall be made to the Commissioner of the General Land Office, and he shall have power to audit and settle all accounts relative to the public lands.” * * *
The difficulty originates from the compensation growing out of the allowance of fees and commissions, it being a varying quantity; the salary being a fixed sum, and therefore uniform, would not vary in the different quarters of the fiscal year.
The compensation of the claimant is not determined by law except as to-the amount of salary, and the limitation that the compensation shall not exceed in the aggregate $3,000 a year.
If the compensation of the claimant is to be fixed on the basis of a calendar year, commencing at the date of his appointment, and he not having received during that period from salary, fees, and commissions a sum equal to $3,000, he is entitled to recover the amount deducted from the quarter ending on the 1st of July, 1890; but if his compensation is to be fixed on the basis or at the rate of $3,000, to be estimated in quarters ending on the 30th of June in each year, then the deduction made was proper and he is not entitled to recover.
*384 The claimant bases his right to recover on the construction of the statute of April 20, 1818, chapter 118 (3 Stat. L., 466), given by the Supreme Court in the case of The United States v. Diclcson (18 Peters, 141).
In that case the defendant was a receiver of public money at a land office in Mississippi, entering upon his duties as such on the 22d day of November, 1833, and serving until July 26, 1836. The salary at that time was as it is at present, with a compensation of commissions of $2,500 per year if the receipts of the office at the rate 1 per cent amounted to that sum during the year, making the sum of $3,000 as the aggregate compensation for a year’s service.
The United States attempted to limit the commission and salary of the defendant to the fiscal year from January 1 to December 31, and denied his right to more than a portion of the commissions on the money received by him, limiting the same to the proportion of the year he was in office.
The court in substance held that the receiver was entitled to calculate his yearly commission on the amount of the public money received by him during the year, commencing from his appointment, instead of calculating it by the fiscal year; and that he had a right to charge the yearly maximum of commissions for the fractional portion of the year which he served.
This decision was made in the construction of the act of April 20,1818 (3 Stat. L., 466), in which no mention is made of quarters either of the fiscal or calendar year. It is to be noted that up to the year 1842 no distinction was made between the calendar and fiscal year, the fiscal being the same as the calendar.
In the act of 1818 [supra) no division being made of time into quarters, the court held that the receipt of more than a maximum of commission, counting by quarters, during the fraction of the year ending in July gave the defendant the right to retain such maximum, although he did not serve the entire year from November, 1835, to November, 1836. The amount which he received from November, 1835, to July, 1836, was not in excess of $3,000.
The act of February 2,1859 (11 Stat. L., 373), provided as follows:
“That the act entitled ‘An act for changing the compensation of receivers and registers of the land offices,’ approved *385 April twentieth, eighteen hundred and eighteen, shall be so construed by the proper accounting officers of the Government as to restrict the aggregate amount allowed as compensation for the registers’ and receivers’ commissions on moneys received at any land office in any one calendar year to the sum of twenty-five hundred dollars each, and that the registers and receivers shall not receive for any one quarter or fractional quarter more than a pro rata allowance of said maximum of twenty-five hundred dollars. Their compensation, both for salary and commissions, to commence and be calculated from the time they enter on the discharge of their duties.”
This law changed the act of 1818 by inserting the provision that “the register and receiver shall not receive for any one quarter or fractional quarter more than the pro rata allowance of said maximum of twenty five hundred dollars.” This change in the law, while not affecting the calendar year, introduced into the statute periods of rest in the calendar year, to which and from which compensation was to be calculated, not exceeding the pro rata maximum compensation for such periods.
Under the provisions of the act of 1859 the compensation might be much less than the maximum compensation provided for a year’s service, depending upon the accident or chance as to the quantity of commissions which might accrue in each quarter of the year. The evident purpose of the act of 1859-was to deprive the officer of the benefit which would accrue to him of a large receipt of commissions in the early part of his yearly service, in case he did not serve through the entire year.
In this connection it becomes necessary to advert to the Act of the 26th of August, 1842 (5 Stat. L., p. 536). By that act it is provided:
“The fiscal year of the Treasury of the United States, in all matters of accounts, receipts and expenditures, estimates and appropriations, shall commence on the 1st day of July in each year; and the reports and estimates required to be prepared and laid before Congress at the commencement of each session by the Secretary of the Treasury, in obedience to the act of Congress of the 2d of September, 1789, and May 10,1800, shall be a report and estimate for each fiscal year, commencing as aforesaid and terminating on the 30th of June in the succeeding calendar year.
Before the passage of this act the fiscal year commenced with and ended with the calendar year, but for the convenience *386 of the public service in the administration of the expense, accounts, and estimates of the Government, Congress changed the law so as to make the 1st day of July the commencement of the fiscal year.
In the Act of July 18,1866 (14 Stat. L., 186), it is enacted that the provisions of the first section of the act entitled “An act relative to collectors and other officer of customs, approved February 11,1846, shall, from and after the passage of this act, be applied and enforced in regard to all other officers, agents, and employees of the United States.” By the second section of the last act it is provided “that all accounts for salaries, compensation, and emoluments shall be rendered quarterly at the end of each quarter of the fiscal year.” (9 Stat. L., p. 3.)
The necessity of the situation requires that the Government have a fixed time in the form of a fiscal year; whether it be with the commencement of the calendar year or at some other fixed period is not material, but that there should be a limit to accounts and expenses into distinct sections of time is an absolute necessity.
As is said in the case of Bachelor v. The United Stales (8 G. Cls. B., 238):
“ It is needless to enlarge on the reasons which produced this statute fixing the fiscal year, for they are so obvious and fully stated on the face of the act that no one can fail to see their importance. In fact, there could be no safe and intelligent administration of the Government without it. The vast and complicated accounts of the Treasury Department must be closed at fixed periods, otherwise endless complications and difficulties would ensue.”
From these various statutes we deduce this condition of the law: That by the act of 1842 {supra), the year, for the purpose of the accounts of certain officers, expenses, and expenditures of the Government, was changed from a calendar to a fiscal year, commencing on the 1st day of July and ending on the 30th day of June succeeding; that by the act of 1846 it is provided “that all accounts for salaries, compensation, and emoluments shall be rendered quarterly at the end of each quarter of the fiscal year; ” that by the act of July 18,1866 {supra), it is enacted that the provisions of the first section of the act entitled “An act relative to the collectors and other *387 officers of customs, approved February 11,1846, shall, from the passage of this act, be applied and enforced in regard to all other officers, agents, and employees of the United States.”
The act of 185!) (supra) followed that of 1818 in applying the compensation of a receiver to a calendar year, but when the act of 1859 became embodied in the Revised Statutes, in the form and substance of section 2240, the term. “ calendar ” was omitted and the word “ year” was left without qualification. The qualifying adjectives “calendar” and “fiscal” had become the classifications of time in the statutes of the United States at the time of the revision,'now having the form of section 2240 of the Revised Statutes, and the omission of the word calendar from the section as it now stands tends to indicate the proper construction to be that the year intended by that section is the fiscal and not the calendar.
In this connection it is proper that allusion be made to the fact that since that enactment of the Revised Statutes the practice of the Department has been to include registers and receivers with other officers in the mode and manner of keeping accounts on the basis of the fiscal year, and to determine their compensation by quarters of such year. The force and value of contemporaneous executive construction are most forcibly stated in the case of The United- States v. Johnson (124 U. S. R., 237). It is in substance said in that case that the contemporaneous construction of a statute by those charged with its execution, especially when it has long prevailed, is entitled to great weight and should not be disregarded except for cogent reason, and unless it is clear that such construction is erroneous. (United States v. Pliilbroolc, 120 U. S. R., 52.) In the case of Sehuetee v. The United States (24 O. Ols. R., 300) it is in substance decided where two Departments of the G-overnment have given the words of a statute along and uniform interpretation, similar language in subsequent statutes on the same subject-matter should, if possible, receive the same construction. In the case of Edwards V. Darby (12 Howard, 210) it is said: “In the construction of a doubtful and ambiguous law, the contenrporaneous construction of those who were called upon to act under the law, and were appointed to carry its provisions into effect, is entitled to very great respect.” In this connection may be cited the case of Prerichs v. The United *388 States (21C. 01s. R., 16), in which many authorities are reviewed and cited to sustain the force of departmental construction.
Recurring again to section 2240 of the Revised Statutes, it X>rovides in substance that the salary, fees, and commissions shall in no case exceed $3,000 in each year, and for any one quarter or fractional quarter not more than a pro rata allowance of such maximum; and section 2241 provides in substance that when the compensation exceeds the maximum the excess shall be paid into the Treasury as other public moneys. The claimant, in pursuance of the requirement of the Department, paid into the Treasury the excess over the pro rata maximum for the quarter ending June 30,1890. The right of the claimant-to recover depends upon the construction of section 2240, as to whether the fiscal or calendar year is the basis upon which to estimate compensation, and from what has been -said in exposition of the statutes and the contemporaneous construction the court determines that the fiscal year is the basis of time on which the compensation is to be computed. The claimant is not entitled to recover, and the petition is therefore dismissed.